**IN THE COURT OF APPEALS OF IOWA**

No. 23-2022
Filed April 9, 2025

**DORIAN PRESTON JON PARKINSON II,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Linn County, Valerie L. Clay, Judge.


    An applicant appeals the denial of postconviction relief from his convictions for domestic abuse assault causing bodily injury by strangulation, domestic abuse assault causing bodily injury, and interference with official acts. **AFFIRMED.**


    Gregory F. Greiner, Assistant Public Defender, for appellant.

    Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee State.


    Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**LANGHOLZ, Judge.**

Dorian Parkinson II attacked his wife, strangled her, and then refused to let law enforcement officers into his home or put down his baby so that they could arrest him. Parkinson eventually pleaded guilty to one felony—domestic abuse assault causing bodily injury by strangulation—and two misdemeanors—domestic abuse assault causing bodily injury and interference with official acts. As a part of the plea agreement, the State dismissed three other charges and agreed to a deferred judgment and two years of probation. But the district court rejected the plea agreement. *See* Iowa R. Crim. P. 2.10(3)(b). And after Parkinson decided to proceed with his plea anyway, the court sentenced him to prison for an indeterminate five-year term on the felony, time served in jail on the misdemeanor domestic abuse assault, and a fine on the interference-with-official-acts conviction. We affirmed his sentence on appeal. *See State v. Parkinson*, No. 20-0645, 2021 WL 210704 (Iowa Ct. App. Jan. 21, 2021).

Parkinson then applied for postconviction relief. His precise grounds for relief evolved. But by the trial, he claimed that he had received ineffective assistance of counsel from his defense counsel that led him to plead guilty "unknowingly and without understanding the consequences and significance, and involuntarily." The district court heard competing testimony from Parkinson and his defense counsel. And in a detailed and well-reasoned fourteen-page opinion, the court found that Parkinson had failed to prove that his counsel was ineffective. The court carefully walked through each of Parkinson's sometimes contradictory allegations as to how his counsel misled him about the guilty plea and found that the counsel's testimony "was credible, and Parkinson's testimony was not."

On appeal, Parkinson takes issues with the district court's credibility findings and repeats his version of the facts that his counsel failed to ensure he "understood the nature and terms of his plea bargain." But on our de novo review of the evidentiary record, mindful of the district court's better "front-row seat to the live testimony," *Hora v. Hora*, 5 N.W.3d 635, 645 (Iowa 2024), we see no reason to disagree with the district court's well-supported factual findings. And for all the reasons detailed in the district court's opinion, we agree that Parkinson has failed to show that his "counsel breached an essential duty" in assisting him with his guilty plea. *Smith v. State*, 7 N.W.3d 723, 726 (Iowa 2024).

Because a full opinion would neither give the parties better reasoning than they have already received from the district court nor advance development of the law, we affirm with this memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**